UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **KLR ANGUS, LLC,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-0309-CVE-PJC |
| | ) | |
| **4S FARMS, LLC,** | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Now before the Court is defendant's Motion to Dismiss and Brief in Support (Dkt. # 11). Defendant 4S Farms, LLC (4S) claims that the Court lacks personal jurisdiction over it, because 4S is a limited liability company headquartered in Missouri and it does not have sufficient minimum contacts with Oklahoma to allow the Court to exercise personal jurisdiction over it. Plaintiff KLR Angus, LLC (KLR) responds that 4S knowingly entered into two contracts with a business located in Oklahoma, and that 4S could reasonably foresee that it could be haled into court in Oklahoma.[1]

### I.

KLR is a Delaware limited liability company with its principal place of business in Oklahoma. 4S is a Missouri limited liability company with its principal place of business in Missouri. On September 13, 2011, KLR and 4S entered a hay purchase agreement (Contract 100) in which 4S agreed to sell 1,200 bales of hay to KLR for a total price of $114,000. Dkt. # 18-1. The parties agreed to minimum quality standards for the hay, and 4S agreed to deliver the hay to KLR's facility in Finley, Oklahoma no later than March 31, 2012. See id. at 5 ("Price includes delivery by

---

[1]      4S has not filed a reply and the time to file a reply has expired.

Seller to KLR's facility in Finley, OK."). KLR was required to prepay the full amount owed under Contract 100, but 4S agreed to refund the purchase price as to any undelivered hay. Id. at 6. The parties agreed that Contract 100 would be construed under Oklahoma law. Id.

KLR alleges that 4S delivered only 102 bales of hay as of March 31, 2012, and that 4S refused to refund the purchase price for any undelivered bales of hay. Dkt. # 7, at 2. KLR states that 4S has breached Contract 100 by failing to refund $104,310 of the purchase price for the undelivered hay. On November 10, 2011, KLR and 4S had entered a second hay purchase agreement (Contract 101) in which 4S agreed to sell KLR 2,000 bales of hay at a price of $60 per bale of hay. Dkt. # 7-2, at 1. The total purchase price was $120,000, and this amount was prepaid to 4S after Contract 101 was executed. Dkt. # 7, at 2. Unlike in Contract 100, the parties agreed that KLR would pick up the hay in Missouri no later than April 30, 2012, and the parties agreed that Contract 101 would be interpreted according to Missouri law. Dkt. # 7-2, at 3-4. KLR alleges that 4S has provided only 785 bales of hay pursuant to Contract 101, and that 4S has refused to refund $72,900 of the purchase price for the undelivered hay. Dkt. # 7, at 3.

On May 30, 2012, KLR filed this case alleging that 4S breached Contract 100 and Contract 101, and KLR seeks the return of the prepaid purchase price for any undelivered hay. 4S has filed a motion to dismiss for lack of personal jurisdiction. Dkt. # 11. In response, KLR has produced evidence that the parties have been communicating since at least August 26, 2011, and that they maintained a business relationship until at least April 2012. Dkt. # 18-1. KLR has also submitted receipts for deliveries of hay to its ranch in Oklahoma. Dkt. # 18-1, at 35-38.

## II.

When responding to a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the Court has personal jurisdiction over the defendant. OMI Holdings, Inc. v. Royal Ins. Co. of Canada, 149 F.3d 1086, 1091 (10th Cir. 1998). "When a district court rules on a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, . . . the plaintiff need only make a prima facie showing of personal jurisdiction to defeat the motion." Id. (citations omitted). "The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." Id. at 1091. "In order to defeat a plaintiff's prima facie showing of jurisdiction, a defendant must present a compelling case demonstrating 'that the presence of some other considerations would render jurisdiction unreasonable.'" Id. (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)). The allegations of the complaint must be accepted as true to the extent they are uncontroverted by a defendant's affidavit. Taylor v. Phelan, 912 F.2d 429, 431 (10th Cir. 1990). If the parties provide conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor and a prima facie showing of personal jurisdiction is sufficient to overcome defendant's objection. Id.

## III.

Defendant argues that it is not subject to general personal jurisdiction in Oklahoma, because it is a Missouri limited liability company that does not actively solicit business in Oklahoma. Dkt. # 11, at 1-2. Defendant also argues that plaintiff actively sought out defendant for the purpose of purchasing hay, and that defendant did not direct its activities to Oklahoma. Id. at 3. Plaintiff responds that defendant knowingly entered two contracts for the sale of hay with a business located

3

in Oklahoma, and that the terms of Contract 100 specifically required defendant to deliver the hay to Oklahoma. Dkt. # 18, at 8-9. Plaintiff argues that defendant has sufficient contacts with Oklahoma that are related to this case to support the exercise of specific personal jurisdiction over defendant.

To demonstrate the existence of personal jurisdiction over a nonresident defendant in a diversity action, plaintiff must demonstrate the existence of every fact required to satisfy both the forum's long-arm statute and the Due Process Clause of the United States Constitution. See OKLA. STAT. tit. 12, § 2004(F). "Because Oklahoma's long-arm statute permits the exercise of jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry." Intercon, Inc. v. Bell Atl. Internet Solutions, Inc., 205 F.3d 1244, 1247 (10th Cir. 2000) (citing Rambo v. Am. S. Ins. Co., 839 F.2d 1415, 1416 (10th Cir. 1988)); see also Hough v. Leonard, 867 P.2d 438, 442 (Okla. 1993).

"Due process requires that the nonresident defendant's conduct and connection with the forum state are such that the nonresident could reasonably anticipate being haled into court in that state." Conoco, Inc. v. Agrico Chem. Co., 115 P.3d 829, 835 (Okla. 2004) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)). "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum State.'" Intercon, 205 F.3d at 1247 (quoting World-Wide Volkswagen, 444 U.S. at 291). The existence of such minimum contacts must be shown to support the exercise of either general jurisdiction or specific jurisdiction. A court "may, consistent with due process, assert specific jurisdiction over a nonresident defendant 'if the defendant has purposefully directed his activities at the residents of the forum, and the litigation results from

alleged injuries that arise out of or relate to those activities.'" Id. at 1247 (quoting Burger King Corp., 471 U.S. at 472). "When a plaintiff's cause of action does not arise directly from a defendant's forum related activities, the court may nonetheless maintain general personal jurisdiction over the defendant based on the defendant's business contacts with the forum state." Id. at 1247 (citing Helicopteros Nacionales de Colombia v. Hall, 466 U.S. 408, 414-16 & n.9 (1984)).

Plaintiff does not argue that the Court has general personal jurisdiction over defendant. Instead, plaintiff argues that defendant's contacts with Oklahoma arising out of Contract 100 and Contract 101 are sufficient to subject defendant to specific personal jurisdiction in Oklahoma.[2] For a court to exercise specific jurisdiction over a nonresident defendant, a plaintiff must show that "the defendant has 'purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state'" and that "the litigation results from alleged injuries that arise out of or relate to those activities." Employers Mut. Cas. Co. v. Bartiles Roofs, Inc., 618 F.3d 1153, 1160 (10th Cir. 2010). The existence of an agreement or contract, standing alone, may not be enough to justify the assertion of personal jurisdiction over a non-resident defendant, but "parties who reach out beyond one state and create continuing relationships and obligations with citizens of another state are subject to regulation and sanctions in the other state for the consequences of their activities." Marcus Food Co. v. DiPanfilo, 671 F.3d 1159, 1166 (10th Cir. 2011). In a contract case, a court should consider "prior negotiations and contemplated future consequences, along with the

---

[2]   Defendant states that "[s]imply because 4S Farms has a contractual relationship and business dealing with an entity in the forum state does not subject it to general jurisdiction there." Dkt. # 11, at 4. However, defendant fails to offer any analysis concerning the possibility that it may be subject to specific personal jurisdiction in Oklahoma.

5

terms of the contract and the parties' actual course of dealing." AST Sports Science, Inc. v. CLF Distribution Ltd., 514 F.3d 1054, 1058 (10th Cir. 2008). The mere presence of one of the contracting parties in the forum state may not be enough to support the exercise of personal jurisdiction over a non-resident defendant, and the "contract relied upon to establish minimum contacts must have a 'substantial connection' with the forum state." TH Agriculture & Nutrition, LLC v. Ace European Group Ltd., 488 F.3d 1282, 1287 (10th Cir. 2007).

Plaintiff does not dispute that it initially sought out defendant for the purpose of purchasing hay, but it argues that the length of the business relationship and the performance of key components of the contracts in Oklahoma support the exercise of specific jurisdiction over defendant. The parties maintained a business relationship for approximately eight months, and defendant had more than a fleeting relationship with a business located in Oklahoma. Both Contracts 100 and 101 specifically list the principal place of business of KLR as Tulsa, Oklahoma, and defendant was on notice that it was entering contracts with a business location in Oklahoma. In Contract 100, defendant agreed to deliver hay to Oklahoma. Dkt. # 18-1, at 6. Plaintiff states that defendant delivered 102 bales of hay to Oklahoma under Contract 100, and it has produced hay receipts showing that the deliveries occurred.[3] Id. at 35-38. The parties agreed that Contract 100 would be governed by the law of Oklahoma. Although Contract 101 did not call for the delivery of hay in Oklahoma, the fact that the parties entered a second contract in which plaintiff was willing to prepay for the delivery of hay is evidence that defendant had a substantial and ongoing relationship with

---

[3] Defendant states that "no hay has been delivered by 4S Farms to Oklahoma." Dkt. # 11, at 4. However, defendant's mere assertion in a brief is entitled no weight and this statement is contradicted by actual evidence showing that hay was delivered to Oklahoma pursuant to Contract 100.

6

an Oklahoma business.  Defendant cannot be surprised that it is being haled into court in Oklahoma for failing to deliver hay to Oklahoma under Contract 100 and for allegedly breaching a second contract arising out of the same business relationship.  The Court finds that these contacts are sufficient to establish that defendant has a substantial connection to the forum state, and it is appropriate for the Court to exercise specific jurisdiction over defendant.

Even though the Court has found that it has personal jurisdiction over defendant, the Court must also consider whether the assertion of personal jurisdiction over defendant "comport[s] with 'fair play and substantial justice.'"  Trujillo v. Williams, 465 F.3d 1210, 1221 (10th Cir. 2006) (quoting Equifax Servs., Inc. v. Hitz, 905 F.2d 1355, 1359 (10th Cir. 1990)).  The Court must consider five factors to determine if the exercise of personal jurisdiction over defendant would be reasonable:

> (1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental social policies.

Id. (quoting Pro Axess, Inc. v. Orlux Distribution, Inc., 428 F.3d 1270, 1279-80 (10th Cir. 2005)).  The Tenth Circuit has stated that a defendant must present a "compelling case that the presence of some other considerations would render jurisdiction unreasonable" and "[s]uch cases are rare."  Rusakiewicz v. Lowe, 556 F.3d 1095, 1102 (10th Cir. 2009).  The reasonableness prong of the due process inquiry "evokes a sliding scale," and a defendant may need less to defeat a showing of personal jurisdiction if the plaintiff's showing of minimum contacts is relatively weak.  TH Agriculture & Nutrition, 488 F.3d at 1292.

The Court finds that defendant's contacts with Oklahoma are relatively significant, and defendant must make a strong showing that it would be unreasonable for the Court to exercise personal jurisdiction over defendant. Defendant has not shown that it will face a substantial burden if it is required to defend against plaintiff's claims in this Court, and the first Trujillo factor does not favor defendant. Oklahoma has a strong interest in resolving a contractual dispute involving a business located in Oklahoma, especially as to Contract 100 governed by Oklahoma law, and the second Trujillo factor does not favor dismissal. The third Trujillo factor "hinges on whether the [p]laintiff may receive convenient and effective relief in another forum." AST Sports Science, 514 F.3d at 1062 (quoting Pro Axess, 428 F.3d at 1281). Defendant has not shown that another forum would be more convenient for the parties, and plaintiff may certainly receive complete relief for its breach of contract claims in this Court. The fourth Trujillo factor considers "whether the forum state is the most efficient place to litigate the dispute," and a court should take into account the "location of the witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation." Id. at 1062. As already noted, plaintiff may receive complete relief in this Court, and one of plaintiff's breach of contract claims is governed by Oklahoma law. It is reasonable to assume that certain of defendant's witnesses may be located in Missouri, but defendant has made no attempt to show that litigating in Oklahoma is unduly burdensome due to the location of witnesses and other evidence. The Court will not make such arguments for defendant, and the Court finds that Oklahoma is the most efficient place to litigate this dispute. Finally, the shared interests of the states in furthering fundamental social policies will not be impaired if this case is heard in Oklahoma. Although the parties agreed that Contract 101 would be governed by Missouri law, the possible application of

another state's law does not suggest that the shared interests of the states will be impaired. This is especially true in case such as this involving the sale goods, because both Oklahoma and Missouri have adopted Article 2 of the Uniform Commercial Code (UCC) and the law applicable to Contract 100 and Contract 101 should be nearly identical, regardless of whether Oklahoma or Missouri law is applied. See Western Extralite Co. v. Safeco Ins. Co., 301 S.W.3d 527 (Mo. Ct. App. 2009) (explaining that Missouri has adopted Article 2 of the UCC). Defendant has not shown that traditional notions of fair play and substantial justice favor dismissal of this case, and it would not be unreasonable for the Court to exercise personal jurisdiction over defendant.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss and Brief in Support (Dkt. # 11) is **denied**.

**DATED** this 22nd day of August, 2012.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE